## James Harty v. George E. Smith.

1. PRACTICE—*Several Defendants—Costs Where Plaintiff is Defeated.*—Where a suit is brought against two defendants, only one of whom is served with process, and the plaintiff is defeated at the trial, it is error to render judgment against him for costs in favor of both defendants.

2. PROMISSORY NOTES—*Consideration for Signing as Surety.*—Whether a person gets anything for signing a promissory note as surety is immaterial. If his principal obtained a consideration for the note, such consideration is sufficient as to the surety also.

3. EVIDENCE—*What is Hearsay, etc.*—An action was brought on a promissory note against two makers, one of whom was a surety, who was alone served with process, and the cause proceeded to trial against him alone, he having pleaded as a defense to the action that he was so drunk when he signed the note as to be deprived of his reason. *It was held* error to allow a witness to testify as to a remark made by the principal maker of the note and not in the presence of the surety, that he got him (the surety) " fixed," as hearsay evidence, and calculated to lead the jury to understand that he had got him in such a condition that he was going to sign the note.

4. INSTRUCTIONS—*Must be Based Upon the Evidence.*—An instruction not based upon any evidence in the case, and calculated to mislead the jury, is reversible error.

5. DRUNKENNESS AS A DEFENSE—*A Question of Fact.*—The question as to whether the maker of a note was so drunk when he signed the same as to be incapable of knowing what he was doing, is one of fact for the determination of the jury upon proper evidence and instructions.

**Assumpsit,** on a promissory note. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Service upon the surety and cause tried as to him alone. Pleas, general issue; signature obtained by fraud and circumvention; drunkenness and failure of consideration; trial and verdict for defendant; appeal by plaintiff. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

WHITMORE, BARNES & BOULWARE, attorneys for appellant; JOSEPH A. WEIL, of counsel.

To render a transaction voidable on account of drunkenness alone of a party to it, it should appear from the evidence that he was so drunk as to have drowned his reason, memory and judgment, and impaired his mental faculties to an extent that would render him wholly idiotic for the time being, which instruction, in the absence of any proof of fraud or covin, we claim is good law and appropriate in this case, from the fact that counsel for appellee puts great stress upon the question of drunkenness. Bates v. Ball, 72 Ill. 108; Birdsong v. Birdsong, 2 Head. (Tenn.) 289.

The proof must show insanity. Schramm v. O'Connor, 98 Ill. 539.

It is a well established rule of law that all instructions shall state the law of the case correctly and be based upon the evidence. Humphreys v. Collier, 1 Scam. 47; Stout v. McAdams, 2 Scam. 67; Barzynski v. Stolba, 51 Ill. App. 388; Espen v. Roberts, 33 Ill. App. 268; Chicago B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Stern v. People, 102 Ill. 540; Coughlin v. People, 18 Ill. 266; Ewing v. Runkle, 20 Ill. 448.

Richard H. Radley, attorney for appellee; D. R. Sheen, of counsel.

When it becomes important to show upon the trial the occurrence of any fact or event it is competent and proper to also show an accompanying act, declaration or explanation which relates to or is explanatory of such fact or event. Lander v. The People, 104 Ill. 248; Chicago W. D. Ry. Co. v. Becker, 128 Ill. 545; Mayes v. The State, 64 Miss. 329.

Mr. Presiding Justice Crabtree delivered the opinion of the Court.

This was a suit on a promissory note for $375 executed by Henry T. Byrnes and appellee, George E. Smith, dated November 2, 1895, and payable to the order of appellant on March 1, 1897. This note it appears was given as part of the purchase price of a saloon and fixtures sold by appellant to said Byrnes. It is admitted that appellee signed the note only as surety for Byrnes.

Service of process was had upon appellee only, defendant Byrnes being "not found."

Appellee pleaded the general issue verified by affidavit and also four special pleas, alleging, as a defense, that his signature to the note was obtained by fraud and circumvention; also that he was so drunk when he signed the note as to be deprived of his reason; and also that there was a failure of consideration. Issue was joined on these pleas, and the cause being tried by a jury, appellee had a verdict in his favor. A motion for new trial was overruled, and the court entered judgment in favor of both defendants, and against appellant for costs of suit, although the cause had only been tried as to appellee, Smith, Byrnes not being in court either by service of process upon him or by appearance.

Appellant insists it was error to thus render judgment against him in favor of both defendants, and we think the point is well taken. Without service of process on Byrnes or appearance by him, the court was without jurisdiction to adjudicate upon his rights or to enter a judgment in his favor.

It is also complained that the court allowed too much latitude in the cross-examination of appellant, and we think in this case there was just reason for such complaint. While the extent and limits of cross-examination are largely a matter of discretion with the trial court, there are certain well-known rules which ought to be observed, that we think were disregarded in this case.

As a part of the transaction in the purchase of the saloon by Byrnes from appellant, there was also given a note for $100 signed by appellee and said Byrnes, which was subsequently paid by appellee. The court permitted appellee to show that he received the money to pay this note from Byrnes, and it is insisted this was error. But as to this point we think the court ruled properly under the circumstances.

The court permitted appellee to show that he received nothing for signing the note. This was error. Whether he got anything or not for signing the note as surety was

immaterial. If his principal, Byrnes, obtained a consideration for the note, that was sufficient as to the surety also.

The evidence was calculated to mislead the jury, and it was error to admit it.

The testimony of the witness Webber as to a remark made by Byrnes, out of the presence of appellant, to the effect that he had got "Doc" (meaning appellee) "fixed," that is, as we understand it, had got him into such a condition as that he was going to sign the note, was clearly incompetent and highly improper. It was but hearsay evidence, and was calculated to greatly prejudice the minds of the jury in favor of appellee.

We are also of opinion there was prejudicial error in giving instructions numbered 1, 2, 4, 5 and 6 at the instance of appellee. There is no evidence whatever of any conspiring on the part of appellant to obtain appellee's signature to the notes, nor that he did anything to get appellee intoxicated; and as these instructions were predicated upon the theory that he did so, they were not based upon any evidence in the case, were calculated to mislead the jury, and ought not to have been given.

As to whether appellee was so drunk when he signed the note as to be incapable of knowing what he was doing, and also as to whether he subsequently ratified his act of signing the same, were questions of fact for the determination of the jury upon proper evidence and instructions. We think that because of the admission of improper evidence and the giving of erroneous instructions, appellant has not had a fair trial, and the judgment must therefore be reversed and the cause remanded for a new trial. Reversed and remanded.